IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**GREGORY S. YUILL**                                                                   **PETITIONER**
*Reg # 10173-062*

**V.**                                 **2:09-cv-00156-JLH-JJV**

**T.C. OUTLAW,**                                                      **RESPONDENT**
*Warden, FCI-Forrest City*,

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. **Given Petitioner's projected April 27, 2010 release date, this case must be handled on an expedited basis.** An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than **seven (7) days** from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is Mr. Yuill's Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. §2241 of Gregory S. Yuill.

## I. BACKGROUND

Petitioner is serving a 30-month sentence for Willfully Making and Subscribing to a False Federal Income Tax Return, and Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Tax Returns. (Doc. No. 8, Att. A, p.1). The Petitioner is currently housed at the Forrest City Low Unit of the Federal Correctional Institution (FCI) and is expected to be released from confinement on April 27, 2010. The present issue arises from an incident that occurred while the Petitioner was confined at the FCI, El Reno, Oklahoma.

According to Investigator Boone's Incident Report, on July 22, 2008, the Petitioner was involved in a "physical confrontation with inmate Christopher Tyler #14510-064 [] in the Federal

Prison Camp Farm Tool Room" and the confrontation resulted in injuries to the other inmate. (Doc. No. 8, Att. 3, p.4). An Incident Report was prepared on August 12, 2008. (*Id*.). Petitioner was given advanced written notice of the hearing and a copy of the Incident Report on August 12, 2008 at 1:30 p.m. (*Id*.). The Notice of Hearing informed Petitioner that he was entitled to have a full-time staff member represent him and that he had a right to call witnesses. (*Id*. at p.6). While Petitioner elected not to have a staff representative, he did check the box indicating he wanted to call a witness. Petitioner listed Floyd Seibel as the witness he wished to call. (*Id*.). Petitioner believed Floyd Seibel would testify that Petitioner was assaulted. (*Id*.).

Petitioner was brought before a Unit Discipline Committee (UDC) for a discipline hearing on August 14, 2008, pursuant to 28 C.F.R. § 541.15, but due to the serious nature of the charge, the UDC referred the matter to the Discipline Hearing Officer (DHO). (Doc. No. 8, Att. A, p.2). The DHO conducted a hearing on August 21, 2008 at 10:45 a.m. (Doc. No. 8, Att. 3, p.1). At the hearing, no witnesses were called. (*Id*.). The DHO report first acknowledged that Petitioner had requested witnesses but stated "the following persons requested were not called" because "inmate Seibel - unknown #, could not identify." (*Id*). However, on the next page the report states that "[Petitioner] requested no witness and no staff representative." (*Id*. at p2). The DHO found Petitioner guilty of fighting with another inmate and lost 27 days good time credit and received 30 days of disciplinary segregation. (*Id*.).

Petitioner has fully exhausted his administrative remedies. During the administrative process, Petitioner argued that he requested a witness, Floyd Seibel, inmate number 07260-030, but prison authorities never responded to that issue. (Doc. No. 8, Att. 5, pp.2-3).

Petitioner has commenced the present habeas corpus action seeking expungement of his disciplinary record and restoration of lost good-time credit. Petitioner argues he is entitled to habeas

3

relief because he was denied due process when the DHO failed to call the witness he had listed on the Notice of Hearing form. Respondent argues Petitioner was given the opportunity to call witnesses and he exercised that opportunity. Respondent contends, however, that because Petitioner did not provide a first name or inmate register number, the DHO could not identify the inmate Petitioner wished to call.

**II.    ANALYSIS**

"Prison disciplinaries are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (citations omitted). To comport with due process where a protected liberty interest exists in connection with a prison disciplinary proceeding, a prisoner must receive: (1) 24 hours advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present a defense; and (3) a written statement of the evidence relied upon by the fact-finder and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-67 (1974).

The only due process right implicated by Yuill's petition is the opportunity to call witnesses. The Court finds that all other due process rights were comported with by the BOP. By regulation,

> An inmate has the right to submit names of requested witnesses and have them called to testify and to present documents on the inmate's behalf, provided the calling of witnesses or the disclosure of documentary evidence does not jeopardize or threaten institutional or an individual's security. The DHO shall call those witnesses who have information directly relevant to the charge(s) and who are reasonably available.

28 C.F.R. § 541.17(c) (1990). The United States Supreme Court has found that this regulation implements protection of a liberty interest in statutory good time credits that cannot be taken from inmates in a prison disciplinary hearing without due process of law. *See Ponte v. Real,* 471 U.S. 491, 495 (1985).

However, "[p]rison officials must have the necessary discretion to keep the hearing within

4

reasonable limits and to refuse to call witnesses." *Wolff*, 418 U.S. at 566. A prisoner's right to "call witnesses and present evidence in disciplinary hearings could be denied if granting the request would be 'unduly hazardous to institutional safety or correctional goals.'" *Ponte*, 471 U.S. at 495 (citations omitted). Furthermore, a prisoner's request for a witness can be denied on the basis of irrelevance or lack of necessity. *Id.* at 496.

In this case, it is clear that Petitioner requested Floyd Seibel as a witness. (Doc. No. 8, Att. 3, p.6). Therefore, the statement by the DHO that Petitioner did not request any witnesses is clearly wrong. Furthermore, Respondent's argument that Petitioner is at fault for failing to provide the DHO with inmate Seibel's first name or register number is unpersuasive. The Court has determined the real issue is the fact that Petitioner misspelled Floyd Seibel's last name. In fact, a search for the register number (07260-030) provided in Petitioner's administrative grievances on the BOP website reveals the correct spelling is Floyd Seibert, not Floyd Seibel.[1] While Petitioner did not provide the DHO with the correct last name, he provided them with enough information for prison authorities to identify the correct person. Furthermore, the BOP Notice of Hearing form does not ask for the register number and it is not reasonable to expect an inmate to provide it.

In *United States v. Kingsley*, an inmate was charged with refusing to provide a urine sample and requested as witnesses other inmates who observed him during the time in question. 937 F.2d 26, 31 (2nd Cir. 1991). The petitioner did not know the names of any of these inmates, six of whom also failed to provide urine samples. *Id.* The DHO deemed the request for witnesses waived because the petitioner could not provide the names of the other prisoners, and the prisoner was convicted of the charge. *Id.* In addition, the prisoner indicated the unnamed witnesses were needed

---

[1] *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList =false&IDType=IRN&IDNumber=07260-030.

to testify that he was nervous during the test. *Id*. The DHO conceded that Kingsley was nervous during the test, and stated there was no reason to call the witnesses to corroborate that fact. *Id*. The district court agreed with the DHO, but the United States Court of Appeals for the Second Circuit reversed, finding Kingsley was denied his right to call witnesses under the *Wolff v. McDonnell*. *Id*. The United States Court of Appeals for the Second Circuit reasoned that the inmate's identities were readily available to prison officials and the officials could have provided Kingsley with the names of the 36 other inmates who took part in the test. *Id*. at 31 n.6.

While it is not known how many inmates were at the prison camp when this incident occurred, there are currently 277 inmates at the El Reno Prison Camp.[2] Although Petitioner did not provide the correct last name, he was simply off by a few letters. As in *Kingsley*, a little diligence on the part of the BOP would have easily led them to find Petitioner's witness.[3] Ordinarily a lack of diligence might seem trivial. Yet, in this case, this failure by the BOP authorities cuts at the very core of the United States Constitution.

Based on the evidence before the Court - the discrepancies in the DHO report regarding whether or not Petitioner even requested a witness and the fact that Petitioner provided the name of a witness but merely misspelled the last name - the Court finds that Petitioner was denied his due process right to call witnesses in his disciplinary hearing. Given Petitioner's projected April 27, 2010 release date, the BOP should be required to grant Petitioner a new disciplinary hearing to be conducted by March 20, 2010, or expunge his record and restore his 27 days of good time credit.

---

[2]*See* http://www.bop.gov/locations/weekly_report.jsp

[3]The Court is not suggesting that the BOP is required to exhaust all avenues of locating witnesses suggested by the inmates. *See Schuck II, v. Bledsoe*, 2005 WL 1862666 (W.D. Va. 2005).

**II.   CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1)   Mr. Yuill's Petition (Doc. No. 1) be GRANTED.

2)   The BOP should either grant Petitioner a new disciplinary hearing to be conducted by March 20, 2010, affording him all of his due process rights, or the BOP may expunge his disciplinary record and restore his 27 days of good time credit.

DATED this <u>2nd</u> day of March, 2010.

                                            JOE J. VOLPE
                                            UNITED STATES MAGISTRATE JUDGE